FILED
2009 Feb-02 PM 02:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **HAROLD J. PIPPEN,** | } | |
| **Plaintiff,** | } | |
| v. | } | Case No.: 2:08-CV-01460-RDP |
| **THE STATE OF ALABAMA,** | } | |
| **Defendant.** | } | |

## MEMORANDUM OF DECISION

The court has before it the Motion to Dismiss filed by Defendant, the State of Alabama. (Doc. # 6). Plaintiff has filed various responses to Defendant's motion, including his own motions and a brief. (Docs. # 9, 12, 13).

Although Plaintiff's Complaint is somewhat unclear as to the particular claims asserted against the state, Plaintiff's Brief "sums it up" by indicating that he claims the state is guilty of (1) Discrimination in violation of Title 7 (sic) of the Civil Rights Act if 1964; (2) Bribery in violation of 18 U.S.C. § 201; (3) Denial of Constitutional Rights in violation of Amendment 7 to the Constitution of the United States; (4) and RICO Violations pursuant to Title 96 of 18 U.S.C. and 18 U.S.C. § 1511.  (Doc. # 12 at p. 3).  Plaintiff's Complaint could also be read to assert a discrimination claim under 42 U.S.C. § 1981, and extortion and obstruction of justice claims. (Doc. # 1).

**I.     Background.**

Plaintiff's claims are based upon events surrounding a traffic ticket he received on November 26, 2007.  On that date, Plaintiff was driving an automobile on Interstate I-65 South in the left, or "passing lane," following behind Trooper Justin Watson.   Plaintiff asserts that Trooper Watson was

traveling below the posted speed limit in the left lane. Apparently there was heavy traffic in the right lane and Plaintiff sought to merge into that lane to exit the interstate. Plaintiff sought to have Trooper Watson increase his speed to allow this, and he flashed his lights at Trooper Watson to indicate this desire. Plaintiff claims Watson "checked [him] out in the rear view mirror" but did not alter his speed. None of the other drivers in the right lane seemed to want to pass Watson. Eventually, someone allowed Plaintiff into the right lane to exit. After exiting, Plaintiff noticed that Officer Watson had also exited and was following Plaintiff with his lights flashing. Plaintiff assumed he was being "racially profiled and discriminated against." Officer Watson issued Plaintiff a ticket for "following too closely." (Docs. # 1, 12).

Plaintiff appeared in court on February 14, 2008. He refused to attend driving school and was give a trial date. Plaintiff was initially told his trial date was April 28, 2008, but later the judge "scribbled a change" on the form he was given. That "scribble" changed the "2" of "28" to a "0" such that the trial date read April 08, 2008. A copy of this information, which was written at the bottom of the "Defendant's Advice of Rights Regarding Counsel" form that was given to Plaintiff. Plaintiff did not appear at trial on the revised date of April 8, 2008. Plaintiff asserts that he did not read the form to notice the date change until April 18, 2008. (Docs. # 1, 12).

As a result of his failure to appear on his trial date, Plaintiff was convicted of following too closely. On April 18, 2008, Plaintiff received notice that his driver's license had been suspended due to his failure to appear in court. Plaintiff was informed that there were certain costs associated with reinstating his license. Plaintiff was also issued a notice that he was required to pay a fine as a result of his November 26, 2008 traffic ticket. (Doc. # 1). Following these events, Plaintiff sent certain items to the court, including a filing styled a "Notice of Appeal," a "Motion to Remand," and a

"Statement by Defendant." Plaintiff asserts that the fines assessed against him were extortion, attempts by the judge to bribe him, and obstruction of justice. (Docs. # 1, 12).

**II.   Legal Analysis.**

Defendant has moved to dismiss Plaintiff's Complaint for failure to state a claim and on Eleventh Amendment Immunity grounds. "*In forma pauperis* proceedings[, such as this one,] are governed by 28 U.S.C. § 1915. Subsection (e)(2) of that statute provides that 'the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal-(i) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted.'" *Williams v. St. Vincent Hosp.*, 258 Fed.Appx. 293, 294 (11th Cir. 2007) (quoting 28 U.S.C. § 1915(e)(2)). The court shall also dismiss the case at any time if the court determines that the action "seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. § 1915(e)(2)(iii). Section 1915 "'accords judges not only the authority to dismiss a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Williams*, 258 Fed.Appx. at 294 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Moreover, to survive dismissal for failure to state a claim, 'a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, ... . Factual allegations must be enough to raise a right to relief above the speculative level.'" *Williams*, 258 Fed.Appx. at 294 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)).

Even *pro se* litigants must comply with the Federal Rules of Civil Procedure. "Although the court is required to liberally construe a pro se litigant's pleadings, the court does not have 'license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to

sustain an action.'" *Lietzke v. County Of Montgomery*, 2008 WL 616063 (M.D. Ala. 2008) (quoting *GJR Investments, Inc. v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir.1998)). "At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff 'has little or no chance of success.'" *Lietzke*, 2008 WL 616063 (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir.1987))).

   **A.**  **Plaintiff's Title VII Claim.**

Turning to Plaintiff's specific claims, Plaintiff's discrimination claim in violation of Title VII of the Civil Rights Act if 1964 is due to be dismissed for failure to state a claim. Title VII of the Civil Rights Act of 1964 prohibits discrimination *in employment.* 42 U.S.C. § 2000e. The filing of a charge of discrimination with the Equal Employment Opportunity Commission is also an administrative prerequisite to the filing of a claim under Title VII. 42 U.S.C. § 2000e-(5)(e)(1); *see also Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir.), *reh'g denied*, 273 F.3d 1117 (11th Cir. 2001) ("It is settled law that in order to obtain judicial consideration of a [Title VII] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred."). Plaintiff's complaint not only fails to assert any employment relationship with Defendant, but also fails to allege that he filed the necessary EEOC charge. Therefore, Plaintiff's Title VII claim is due to be dismissed for failure to state a claim.

   **B.**  **Plaintiff's Bribery, Extortion and Obstruction of Justice Claims.**

Plaintiff also has failed to state a claim of bribery in violation of 18 U.S.C. § 201, or state a claim of extortion or obstruction of justice. Title 18 U.S.C. § 201, the bribery statute, prohibits persons from bribing public officials. Plaintiff's complaint and other filings simply fail to allege that the state attempted to bribe any public officials. Therefore, this claim is due to be dismissed for

failure to state a claim and because it appears Plaintiff 'has little or no chance of success'" on the claim.  See *Carroll*, 984 F.2d at 393; *Harris*, 817 F.2d at 741.  Moreover, as to all three claims, there is no private cause of action for violations of these criminal laws.  See *Alexandre v. Phibbs*, 116 F.3d 482, 1997 WL 341830, * 1 (9th Cir. 1997) (citing 18 U.S.C. § 1951; *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (dismissing claims brought under federal criminal statute because it did not provide private cause of action)); *Hamilton v. Reed*, 29 Fed.Appx. 202, 204 (6th Cir. 2002) (where particular statutes concern criminal, rather than civil, offenses, a private cause of action may not be brought for the alleged violations of these federal statutes).  Therefore, these claims are due to be dismissed for failure to state a claim.

    **C.**    **Eleventh Amendment Immunity.**

Plaintiff's remaining claims are due to be dismissed on Eleventh Amendment immunity grounds.  "The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states." *Abusaid v. Hillsborough County Bd. of County Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005).  "'[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.'" *Abusaid*, 405 F.3d at 1302 (quoting *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

As to Plaintiff's RICO claim, Congress did not abrogate the states' Eleventh Amendment immunity in enacting the RICO statute.  "RICO is a general statute that does not mention, much less waive, sovereign immunity." *Chow v. Giordano*, 24 F.3d 245, 1994 WL 192112, *2 (9th Cir. 1994) (citing 18 U.S.C. §§ 1961-1962, 1964).  Nor did congress abrogate that immunity under 42 U.S.C. § 1981.  *Walker v. Ohio Dept. of Rehabilitation and Correction*, 241 Fed.Appx. 261, 265 (6th Cir. 2007) (claims under 42 U.S.C. § 1981 are correctly barred by the State's Eleventh Amendment

immunity).

Plaintiff has also asserted a violation of his constitutional rights under the Seventh Amendment to the United States Constitution. "The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 Fed.Appx. 86, 87 (3rd Cir. 2007). "Eleventh Amendment immunity is meant to protect the State from being subject to suit at all." *Buchanan v. Maine,* 469 F.3d 158, 173 n.8 (1st Cir. 2006) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)).  '[S]uits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).   There is nothing in the Seventh Amendment to indicate an intent to abrogate the State's Eleventh Amendment immunity.  Furthermore, even if Plaintiff had elected to prosecute this alleged constitutional violation through 42 U.S.C. § 1983, the State would still be entitled to Eleventh Amendment immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that 42 U.S.C. § 1983 does not override States' Eleventh Amendment immunity)).

**III.    Conclusion.**

For the reasons explained above, Defendant's Motion to Dismiss is due to be granted.  The court will enter an order consistent with this Memorandum of Decision.

**DONE** and **ORDERED** this      2nd       day of February, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

6